NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
CHARLES E. PELL (Cal. SBN:  210309)
Assistant United States Attorney
     8000 United States Courthouse
     411 West Fourth Street
     Santa Ana, California 92701
     Telephone:  (213) 894-3542
     Facsimile:  (213) 894-3561
     E-mail:  Charles.E.Pell2@usdoj.gov
JONATHAN GALATZAN (Cal. SBN: 190414)
Assistant United States Attorney
Asset Forfeiture Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-2727
     Facsimile:  (213) 894-0142
     E-mail:  Jonathan.Galatzan@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>      v.<br><br>VICTORIA CHAN,<br><br>          Defendant. | SACR 17-00153-CJC<br><br>GOVERNMENT'S *EX PARTE* APPLICATION FOR PRELIMINARY ORDER OF FORFEITURE AS TO DEFENDANT VICTORIA CHAN PURSUANT TO PLEA AGREEMENT<br><br>No hearing requested<br><br>Sentencing Date: 1/14/19<br>Sentencing Time: 11:00 a.m. |

//

//

//

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff United States of America hereby applies *ex parte* and with notice to defendant Victoria Chan (hereinafter "Chan") for issuance of a Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(b) and the Plea Agreement filed in this case, as to the property that defendant has agreed to forfeit to the United States of America:

(1)  13592 Brittle Brush Ct., Rancho Cucamonga, California, APN: 0225-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;

(2)  5528 Compass Pl., Rancho Cucamonga, California, APN: 0226-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;

(3)  5535 Compass Pl., Rancho Cucamonga, California, APN: 0226-202-18-0-000;

(4)  5555 Compass Pl., Rancho Cucamonga, California, APN: 0226-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;

(5)  5042 Morgan Pl., Rancho Cucamonga, California, APN:;

(6)  10943 Stallion Way, Rancho Cucamonga, California, APN: 1074-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; and

(7)  6527 Etiwanda Ave, Etiwanda, California, APN:  0227-051-03-0-000.

This application, which deals solely with the specific property as to which forfeiture is sought (described in detail above) is supported by defendant's guilty plea, the factual basis stated during defendant's plea proceeding, and the matters set forth in the accompanying Memorandum of Points and Authorities.

//

//

Counsel Diane C. Bass, counsel for defendant Victoria Chan does not object to the proposed Preliminary Order of Forfeiture.

DATED: December 11, 2018          Respectfully submitted,

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

CHARLES E. PELL
Assistant United States Attorney


          _/s/ Jonathan Galatzan_
JONATHAN GALATZAN _
Assistant United States Attorney
Asset Forfeiture Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Victoria Chan entered a plea of guilty to a Three Count Information, conspiracy to commit visa fraud in violation of 18 U.S.C. § 371; conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349; and international money laundering, in violation of 18 U.S.C. §§ 1956(a)(2)(A) and 2. In paragraph 3-a of the plea agreement, defendant agreed to forfeit all right, title, and interest in:

(1)   13592 Brittle Brush Ct., Rancho Cucamonga, California, APN: 0225-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;

(2)   5528 Compass Pl., Rancho Cucamonga, California, APN: 0226-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;

(3)   5535 Compass Pl., Rancho Cucamonga, California, APN: 0226-202-18-0-000;

(4)   5555 Compass Pl., Rancho Cucamonga, California, APN: 0226-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;

(5)   5042 Morgan Pl., Rancho Cucamonga, California, APN:;

(6)   10943 Stallion Way, Rancho Cucamonga, California, APN: 1074-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; and

(7)   6527 Etiwanda Ave, Etiwanda, California, APN:   0227-051-03-0-000.

Pursuant to Rule 32.2(b), the government now applies for the entry of the Preliminary Order of Forfeiture of the specific property listed above (the proposed order is lodged contemporaneously herewith).  The government also requests that the forfeiture of the specific property be stated orally at

defendant's sentencing and set forth in defendant's Judgment and Commitment Order.

## II.   ARGUMENT

### A.   The Nexus Between Defendant's Crime and the Specific Property to be Forfeited Has Been Established by the Plea Agreement

Rule 32.2 of the Federal Rules of Criminal Procedure provides, in pertinent part:

As soon as practicable after entering a guilty verdict or accepting a plea of guilty or nolo contendere on any count in an indictment or information with regard to which criminal forfeiture is sought, the court must determine whether the government has established the requisite nexus between the property and the offense. . . . The court's determination may be based on . . . any written plea agreement . . . .

Fed. R. Crim. P. 32.2(b)(1).  The Advisory Committee Notes for this provision explain that for the preliminary order of forfeiture, the court must determine "if the property was subject to forfeiture under the applicable statute, e.g., whether the property represented the proceeds of the offense . . . ."  Advisory Committee Notes to Rule 32.2, subdivision (a) (2000 Adoption).  The standard of proof regarding the forfeitability of property in a criminal case is preponderance of the evidence.  See United States v. Najjar, 300 F.3d 466, 485-86 (4th Cir. 2002); United States v. Shryock, 342 F.3d 948, 991 (9th Cir. 2003) (following Najjar); United States v. DeFries, 129 F.3d 1293, 1312 (D.C. Cir. 1997); United States v. Hernandez-Escarsega, 886 F.2d 1560, 1576-77 (9th Cir. 1989)

2

1  (interpreting language in 21 U.S.C. § 853); <u>United States v.</u>

2  <u>Bieri</u>, 21 F.3d 819 (8th Cir. 1994)(§ 853).

3       Thus, the only question before the Court in connection with

4  the requested entry of the proposed Preliminary Order is whether

5  the evidence before the Court is enough to establish by a

6  preponderance of the evidence that there is a nexus between the

7  specific property to be forfeited, and the offense to which

8  defendant pled guilty.  <u>See</u> Rule 32.2(b)(1).

9       The existence or extent of third-party interests in the

10  specific property will be determined after the entry of the

11  preliminary order.  <u>See</u> <u>United States v. Lazarenko</u>, 476

12  F.3d 642, 648 (9th Cir. 2007) ("Upon a finding that the property

13  involved is subject to forfeiture, a court must promptly enter a

14  preliminary order of forfeiture without regard to a third

15  party's interests in the property.").  The preliminary order

16  should be entered promptly in order to avoid unnecessary delay

17  in the forfeiture process and resolve potential third party

18  rights.  <u>United States v. Yeje-Cabrera</u>, 430 F.3d 1, 15 (1st Cir.

19  2005).  The defendant need not be present when the preliminary

20  order is entered.  <u>United States v. Segal</u>, 495 F.3d 826, 837-38

21  (7th Cir. 2007).

22       The government is not required to establish the defendant's

23  ownership of the property either to seize it or to obtain a

24  preliminary order of forfeiture, and third parties are

25  prohibited from intervening in the criminal case, and cannot

26  complain that they have to wait for the ancillary proceeding to

27  assert their rights.  <u>Almeida v. United States</u>, 459 F.3d 377,

28  381 (2d Cir. 2006); 18 U.S.C. § 1963(i).  As explained in the

Advisory Committee Notes to Rule 32.2 (2000), the Rule was revised with the intent to eliminate confusion over whether the extent of the defendant's ownership interest should be determined by the finder of fact.  The new rule clarified that the only question upon conviction or a guilty plea is whether there is a nexus between the violation of which the defendant has been convicted (or to which he has pled) and the property sought - if there is, the court should enter an order forfeiting "whatever interest a defendant may have in the property without having to determine exactly what that interest is."[1]   A defendant cannot object to the entry of a preliminary order on the ground that the property at issue does not belong to him. United States v. Schlesinger, 396 F. Supp. 2d 267, 273 (E.D.N.Y. 2005).

Here, all the proof that is necessary is contained in the defendant's written plea agreement.[2]  Defendant pled guilty to a Three Count Information.  Therefore, the requirements of Rule

---

[1]   Criminal forfeiture is part of the defendant's sentence, so it is available only if the defendant is convicted of the underlying substantive offense. Lazarenko, supra.  If the defendant is convicted, his interest in the property must be forfeited regardless of what that interest is, so it is not necessary to determine the extent of the interest.  The only issues left to be determined concerning ownership are those of non-defendant third parties, whose interests are determined in the ancillary process.  Only after that process is complete does the government obtain a Final Order of Forfeiture.

[2]   The defendant's admissions are more than sufficient to establish forfeitability, but the Court is not required to find a factual basis for the defendant's agreement to criminal forfeiture. See United States v. Ken Int'l Co., Ltd., 113 F.3d 1243, 1997 WL 229114, at *3 (9th Cir. 1997).

4

1  32.2(b) have been met and the proposed Preliminary Order should

2  be entered.

3

4  **B.**    **The Mechanics of the Criminal Forfeiture**

5       The Preliminary Order of Forfeiture becomes final as to the

6  defendant at the time of sentencing (or before sentencing, if

7  defendant consents).  Rule 32.2(b)(3).  After entry of the

8  preliminary order, the second phase of the forfeiture

9  proceedings may begin, to determine whether any third party

10  rights may exist in the specific property to be forfeited.  Fed.

11  R. Crim. P. 32.2(c)(1).

12       Accordingly, the government respectfully requests that the

13  Court enter the proposed Preliminary Order of Forfeiture lodged

14  contemporaneously herewith, authorizing the government to seize

15  the property subject to forfeiture (to the extent it has not

16  already done so) and to commence proceedings governing

17  third-party rights. Fed. R. Crim. P. 32.2(b)(3).  The government

18  will publish notice generally.  Following such notification and

19  completion of any necessary ancillary proceedings, the

20  government will submit, as appropriate, a final order of

21  forfeiture pursuant to Fed. R. Crim. P. 32.2(c).

22  **C.**    **There Is No Need To Delay the Entry of the Requested**

23       **Preliminary Order of Forfeiture**

24       The fact that the criminal case is still ongoing is no

25  reason to delay the forfeiture proceedings.  For the reasons

26  explained above, the basis for forfeiture has been established.

27  Further proceedings concerning the guilt of the remaining

28  defendants will have no effect on the forfeitability of the

5

assets at issue.

**III. FORFEITURE MUST BE PRONOUNCED AT SENTENCING**

At sentencing, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the "order of forfeiture becomes final as to the defendant and shall be made a part of the sentence and included in the judgment."

The Court must pronounce the forfeiture conditions orally as part of the sentence imposed on the defendant, and must include the forfeiture in the judgment and commitment order. See United States v. Gaviria, 116 F.3d 1498, 1530 (D.C. Cir. 1997) (forfeiture portion of the defendant's sentence must be announced in his presence pursuant to Fed. R. Crim. P. 43(a)). The government recommends the following language be read to the defendant and modified as necessary for inclusion in the judgment and commitment order at the time of his sentencing:

> Pursuant to 21 U.S.C. § 853 and to a Three Count Information, defendant VICTORIA CHAN has forfeited all of her rights, title, and interest in the specific property more particularly described in the Preliminary Order of Forfeiture entered on [date].

//

//

//

**IV.    CONCLUSION**

    For the foregoing reasons, the government respectfully requests that the Court forthwith enter the proposed Preliminary Order of Forfeiture lodged herewith.

DATED: December 11, 2018          Respectfully submitted,

                                  NICOLA T. HANNA
                                  United States Attorney

                                  LAWRENCE S. MIDDLETON
                                  Assistant United States Attorney
                                  Chief, Criminal Division

                                  CHARLES E. PELL
                                  Assistant United States Attorney


                                  /s/ Jonathan Galatzan
                                  JONATHAN GALATZAN _
                                  Assistant United States Attorney
                                  Asset Forfeiture Section

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

7