UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>        v.<br><br>VICTORIA CHAN,<br><br>               Defendant. | SACR 17-00153-CJC<br><br>[PROPOSED] PRELIMINARY ORDER OF FORFEITURE PURSUANT TO PLEA AGREEMENT<br><br>No hearing requested<br><br>Sentencing Date: 1/14/19<br>Sentencing Time: 11:00 a.m. |

Upon consideration of the application of Plaintiff, United States of America, for a preliminary order of forfeiture pursuant to the plea agreement of, and guilty plea to Counts One through Three of the Information entered by, defendant VICTORIA CHAN, and, good cause appearing thereon, IT IS HEREBY ORDERED:

### I. FORFEITABLE PROPERTY

For the reasons set out below, any right, title and interest of defendant Victoria Chan in the following described property (hereinafter, the "Forfeitable Property") is hereby

forfeited to the United States.  The Court finds that the
government has established the requisite nexus between the
Forfeitable Property and the offense described in Count One of
Information (18 U.S.C. § 1956(h)).  The Forfeitable Property is
more particularly described as:

(1)   13592 Brittle Brush Ct., Rancho Cucamonga, California,
APN: 0225-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;

(2)   5528 Compass Pl., Rancho Cucamonga, California,
APN: 0226-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;

(3)   5535 Compass Pl., Rancho Cucamonga, California,
APN: 0226-202-18-0-000;

(4)   5555 Compass Pl., Rancho Cucamonga, California,
APN: 0226-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;

(5)   5042 Morgan Pl., Rancho Cucamonga, California, APN:;

(6)   10943 Stallion Way, Rancho Cucamonga, California,
APN: 1074-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; and

(7)   6527 Etiwanda Ave, Etiwanda, California,
APN:  0227-051-03-0-000.

## II.  IMPLEMENTATION

IT IS FURTHER ORDERED as follows:

A.   Upon the entry of this Order, and pursuant to Fed. R.
Crim. P. 32.2(b)(3) and 21 U.S.C. § 853, the United States
Attorney General (or a designee) is authorized to seize the
Forfeitable Property.

B.   Upon entry of this Order, the United States is further
authorized to conduct any discovery for the purpose of
identifying, locating, or disposing of the Forfeitable Property
subject to forfeiture pursuant to this Order, 21 U.S.C. § 853(m)

and Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure. "Any discovery" shall include all methods of discovery permitted under the Federal Rules of Civil Procedure.

C.   Upon entry of this Order (and at any time in the future after amendment of the applicable order of forfeiture in this matter), the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this and any other Order affecting specific property. The following paragraphs shall apply to any ancillary proceeding conducted in this matter:

(1)   Pursuant to 21 U.S.C. § 853(n)(1) and Supplemental Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the government shall forthwith publish for at least thirty (30) consecutive days on an official government website notice of this order and any other Order affecting the Forfeitable Property, and notice that any person, other than the defendant, having or claiming a legal interest in the property must file a petition with the Court within thirty (30) days of the publication of notice or receipt of actual notice, whichever is earlier.  The United States shall also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Forfeitable Property.

(2)   Any person other than defendant VICTORIA CHAN ("defendant") asserting a legal interest in the Forfeitable Property may, within thirty days of the publication of notice or receipt of notice, whichever is earlier, petition the court for

3

a hearing without a jury to adjudicate the validity of her alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(2).

(3)   Any petition filed by a third party asserting an interest in the Forfeitable Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in such property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought. 21 U.S.C. § 853(n)(3).

(4)   The United States shall have clear title to the Forfeitable Property following the Court's disposition of all third-party interests or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

D.   Pursuant to Fed. R. Crim. P. 32.2(b)(3) and defendant's consent, this Preliminary Order of Forfeiture shall become final as to defendant upon entry and shall be made part of her sentence and included in her judgment.

//

//

//

//

//

//

//

//

E.    The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).


DATED: _____12/11/2018_____

                         HONORABLE CORMAC J. CARNEY
                         UNITED STATES DISTRICT JUDGE


PRESENTED BY:

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

CHARLES E. PELL
Assistant United States Attorney


_____/s/ Jonathan Galatzan_____
JONATHAN GALATZAN
Assistant United States Attorney
Asset Forfeiture Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA